UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

           Plaintiff,

v.

ERIN M. LAFFERTY, KING COUNTY, WELLS FARGO BANK, JP MORGAN CHASE BANK, SEATTLE SAVINGS BANK,

           Defendants.

CASE NO. 2:21-cv-01522-RAJ-BAT

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Erin M. Lafferty's Response to Complaint (Dkt. 13) and Motion to Reinstate and Adjudicate Complaint (Dkt. 14). In both filings, Defendant Lafferty requests the Court to find that the Complaint filed by Plaintiff United States of America ("United States") is void. The Court construed the Motion to Reinstate as a motion to dismiss and noted it accordingly. The United States filed its opposition. Dkt. 17. Because all of Defendant Lafferty's arguments for dismissal relate to a previous case, which was dismissed in 2017 and never appealed (*see Lafferty v. Smith et al.*, Case No. 2:17-cv-00513-JLR (W.D. Wash. 2017)), the undersigned recommends that the motion be **denied**.

BACKGROUND

A.    <u>Prior Lawsuit</u>

In *Lafferty v. Smith et al.*, Defendant Lafferty sought a temporary restraining order "against IRS and its agents' collection actions" until "a definitive Declaratory Judgment is

REPORT AND RECOMMENDATION - 1

adjudicated . . . on Plaintiff's submitted Public Notices, Affidavits, Discovery Exhibits of Law and Administrative Procedures." *Lafferty v. Smith et al.*, Dkt. 1 at 4; Dkt. 2 at 4. On the first pages of her complaint and amended complaint, Ms. Lafferty listed her address as "12345 Lake City Way N.E. #133 Seattle, (98125) Washington." *Id.*, Dkt. 1 at 1; Dkt. 2 at 1 (same). The attachments to the Complaint indicate that Ms. Lafferty sought injunctive and declaratory relief as to federal income taxes for 2006 through 2008 and civil penalties for 2006 and 2007. *Id.*, Dkt. 1-1 at 9, 16, 34, 39, 59, 64. On June 1, 2017, Ms. Lafferty moved for Default Judgment. *Id.*, Dkt. 3. She asserted that the IRS contracts (Forms 1040) were null and void because she was deceived and coerced into signing them. *Id.*, Dkt. 3 at 1. Ms. Lafferty also asserted that the IRS had no standing to counter her assertions because they failed to "define" here as a "U.S. citizen." *Id.*, Dkt. 3 at 1-2.

On June 5, 2017, the United States filed: (1) a Motion to Dismiss; (2) a Response to the Motion for Default, and (3) a Notice of Appearance. *Lafferty v. Smith et al.*, Dkt. 4, 5, and 6. Counsel for the United States mailed copies of these filings to Lafferty's address of record, as listed in her complaint and amended complaint. *See id.*, Dkt. 4, 5, and 6, Certificates of Service ("12345 Lake City Way NE #133 Seattle, WA 98125"); Dkt. 1 at 1 ("12345 Lake City Way N.E. #133 Seattle, (98125) Washington"); Dkt. 2 at 1 ("12345 Lake City Way N.E. #133 Seattle, (98125) Washington"). This address remains the address of record on the docket, even four years later. *See Lafferty v. Smith et al.*[1]

On July 25, 2017, the Court filed an Order and Judgment denying Ms. Lafferty's Motion for Default and granting the United States' Motion to Dismiss. *Lafferty v. Smith et al.*, Dkt. 7, 8.

---

[1] Although Ms. Lafferty lists a different address on her Motion for Default, "12345 Lake City Way N.E. #294 Seattle, (98125 Washington, (sic)" she did not update her preferred address with the Court. *See Lafferty v. Smith, et al.*, Dkt. 3.

REPORT AND RECOMMENDATION - 2

1  The Court held that the Court lacked jurisdiction over Lafferty's claims. *Id.*, Dkt. 7 at 3 ("Ms. Lafferty's amended complaint challenges the assessment and collection of a tax and seeks declaratory relief. (See Am. Compl. at 2-4.) Therefore, 26 U.S.C. § 7421(a) and 28 U.S.C. § 2201(a) divest the court of jurisdiction over her claim."). The Court also held that amendment of the Complaint would be futile because Lafferty's claims were based on an "irredeemably flawed legal theory." *Id.*, Dkt. 7 at 4.

Ms. Lafferty did not appeal this Order and Judgment and now contends she did not receive the Court's order, which was also mailed to her address of record: 12345 Lake City Way NE #133 Seattle, WA 98125.

B.  <u>This Lawsuit</u>

The United States commenced this action on November 10, 2021, seeking to reduce federal tax assessments against Lafferty to judgment and a determination of the validity and priority of all liens and other interests upon the Subject Property more completely described in the Complaint. Dkt. 1. On December 23, 2021, Ms. Lafferty filed a Response to the Complaint, which was docketed as an Answer, Dkt. 13, and a Motion to Reinstate and Adjudicate Complaint from the earlier lawsuit, Dkt. 14, which the Court construed as a Motion to Dismiss.

## STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or the "formulaic

recitation of the elements of a cause of action will not do." *Id*. The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

In general, the Court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in ruling on a Rule 12(b)(6) motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002). Also, the Court may take judicial notice of matters of public record. *See* Fed.R.Evid. 201; *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

## DISCUSSION

Ms. Lafferty does not address the allegations of the complaint at all. Instead, she claims (1) that the current case is "void" because she did not receive the filings in her *previous* lawsuit (*see* Dkt. 13 at 3, 6 ("[Ms. Lafferty] never saw, knew of, or received these 3 court filings of 06/05/17, namely Docket #'s 4, 5, and 6 until December 13, 2021); and (2) the arguments she made in the prior case are deemed admitted under res judicata because the United States did not substantively respond to them in its motion to dismiss or otherwise. Dkt. 13 at 3.

These arguments are without merit. A failure to serve motions papers in a prior case is not grounds for dismissal of this case and res judicata does not apply here because dismissal of the prior case was not on the merits but on a lack of subject matter jurisdiction.

REPORT AND RECOMMENDATION - 4

Additionally, to the extent Defendant Lafferty raises arguments under either Federal Rule of Civil Procedure 59 or 60, these arguments are untimely, brought in the wrong venue and are without merit.

A.   <u>Alleged Failure to Serve Documents in Prior Case</u>

Four years after judgment was entered against her in *Lafferty v. Smith, et al.*, Defendant Lafferty now asserts that she did not receive filings in the prior case (*i.e.*, the motion to dismiss and Court's Order and Judgment) and therefore, she has a valid reason to "VOID this new Complaint and reopen original COMPLAINT, EXH. 00513." Dkt. 13 at 3, 6.

Ms. Lafferty does not cite any rule or case in support of her argument and the Court is not aware of any federal rule that requires dismissal of this case based on a claim that Ms. Lafferty did not receive filings in another case. Moreover, the record reflects that service in the prior case was made to Ms. Lafferty's address of record. *See Lafferty v. Smith et al.*, Dkt. 4, 5, and 6, Certificates of Service, which reflect the address listed on her Complaint and Amended Complaint. *Id.*, Dkt. 1 at 1. Because she provides no factual or legal basis for dismissal of the Complaint in this case, Ms. Lafferty's motion should be denied.

B.   <u>Res Judicata Does Not Apply</u>

Defendant Lafferty asserts that the Complaint in this case should be dismissed based on res judicata. She contends that the arguments she made in *Lafferty v. Smith et al.* are deemed admitted because the United States failed to substantively respond to them. Dkt. 13 at 3 ("[N]one of [the arguments] have ever been addressed, refuted, disputed, or answered by the IRS. Thus, all of which are now res judicata… [Ms. Lafferty] is legally justified to determine that the IRS was and is in Final Administrative Default, losing all legal standing to its unverified, unsubstantiated

REPORT AND RECOMMENDATION - 5

tax claims resulting in complete lawful estoppel against IRS.")[2]

Res judicata applies when the earlier suit (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citing *Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir. 2002)). Res judicata does not apply here because the previous case, *Lafferty v. Smith et al.*, was dismissed on procedural grounds and no judgment on the merits was reached. The United States moved to dismiss the prior case for lack of subject-matter jurisdiction, which was granted by the Court. *Lafferty v. Smith et al.*, Dkt. 2, 7, 8; *see* Dkt. 7 at 3 ("Ms. Lafferty's amended complaint challenges the assessment and collection of a tax and seeks declaratory relief. (*See* Am. Compl. at 2-4.) Therefore, 26 U.S.C. § 7421(a) and 28 U.S.C. § 2201(a) divest the court of jurisdiction over her claim."). The Court also held that amendment of the Complaint would be futile because Ms. Lafferty's claims were based on an "irredeemably flawed legal theory." *Lafferty v. Smith et al.*, Dkt. 7 at 4.

Because the Court lacked subject matter jurisdiction, the United States was under no obligation to substantively respond to Defendant Lafferty's claims. *See* Fed. R. Civ. P. 12 (a party is under an obligation to file a responsive pleading, which does not require substantively responding to the allegations in a complaint).

C. <u>Defendant Lafferty is Not Entitled to Relief Under Fed. R. Civ. P. 59 or 60</u>

The Federal Rules of Civil Procedure recognize two types of motions to obtain post-judgment relief: a Rule 60(b) motion for relief from judgment, order, or proceeding; and a Rule

---

[2] The arguments Defendant Lafferty claims are admitted include that "[she] had been deceived and coerced into signing IRS contracts (Forms 1040)" and that deception nullified and voided the IRS contracts and, that because she was not "defined as a U.S. citizen", the IRS waived its standing to counter any of her arguments. *See Lafferty v. Smith et al.*, Dkt. 3 at 1-2.

REPORT AND RECOMMENDATION - 6

59(e) motion to alter or amend judgment. To the extent Ms. Lafferty is asking for relief under either of those Rules, she is not entitled to relief in this case.

First, this case is not the proper venue of these requests. As detailed above, Ms. Lafferty alleges *inter alia* that she was not properly served filings in the prior lawsuit, Judge Robart dismissed the 2017 matter "prematurely", and she has uncovered new evidence of "negligence, frauds and defaults." These allegations do not go to the reasons Judge Robart dismissed the case and should in any event have been presented to Judge Robart through a Rule 60(b) or 59(e) motion in *Lafferty v. Smith et al.* The present case is not the appropriate venue to challenge a complaint dismissed in another matter.

Second, any Rule 60 or 59 motion is untimely. A Rule 60(b)(1) motion, which applies to "mistake, inadvertence, surprise, or excusable neglect", must be made within a "reasonable time," not to exceed one year. Fed. R. Civ. P. 60(c)(1). Similarly, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." The Order and Judgment denying Defendant Lafferty's Motion for Default and granting the United States' Motion to Dismiss was entered by the Court in *Lafferty v. Smith, et al.*, on July 25, 2017. Thus, more than four years have passed since entry of the judgment and therefore, any such motion would be untimely.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant Lafferty's Motion to Reinstate and Adjudicate Complaint (Dkt. 14) is **DENIED**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 7

Objections, however, may be filed and served upon all parties no later than **February 9, 2022**. The Clerk should note the matter for **February 11, 2022,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of January, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8