UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

ERIN M. LAFFERTY, KING COUNTY, WELLS FARGO BANK, JP MORGAN CHASE BANK, SEATTLE SAVINGS BANK,

          Defendants.

CASE NO. 2:21-cv-01522-RAJ-BAT

**ORDER DENYING EMERGENCY MOTION**

### I.    INTRODUCTION

Before the Court is Defendant Erin M. Lafferty's June 27, 2022, "Emergency Motion to Stay the Sale of Real Property" located in the state of Utah and in Seattle, Washington. Dkt. 52. Defendant requests the Court issue an emergency order today "for a stay of foreclosure and sale of the private property located at 8795 Ivey Leaf Place West, Jordan, Utah and 6729 Jones Avenue NW, Seattle, Washington, 98117." *Id.* at 1. Having reviewed the emergency motion and the balance of the record, the Court DENIES the motion for the reasons below.

ORDER DENYING EMERGENCY MOTION
1

## II.    DISCUSSION

This action involves a complaint filed by the United States against Defendant Lafferty that seeks to reduce federal tax assessments to judgment, to determine the validity and priority of all liens and claims of all parties, and to foreclose the federal tax lien regarding the real property located in Seattle. Dkt. 26 (Second Amended Answer). Defendant Lafferty's request that the Court grant a stay regarding real property located in the state of Utah falls outside of the complaint. The status of the property is thus a matter that is not before the Court and is also a  request that is inconsistent with federal venue requirements. Hence there is no basis for the Court to take any action regarding the real property located in Utah.

The basis for Defendant's request that the Court stay a foreclosure sale regarding real property located in Seattle is murky at best. Defendant argues the Court should issue an emergency stay because: (1) Plaintiff has failed to show valid cause to seize and sell her real property; (2) The "Federal Debt Collection Procedure" is the only procedure to recover judgment on a debt or obtain a judgment for the debt; (3) Plaintiff has failed to comply with notice and hearing requirements set for in 28 U.S.C. § 3101(d); (4) Plaintiff cannot possibly show Defendant owes back taxes; and (5) Defendant is entitled to earn a living and that right cannot be taxed in the manner claimed by Plaintiff. *Id.* at 2-8.

But Defendant Lafferty provides no facts regarding who seeks to foreclose her Seattle property and who wishes to put it up for a foreclosure sale. There is no indication the Plaintiff is even currently involved in the foreclosure sale the emergency motion seeks to stay.

Further, Defendant Lafferty's arguments that Plaintiff is currently involved a sale of the property appear to be out of step with Plaintiff's request for relief and the current posture of the case. Plaintiff's complaint requests as relief (1) that the Court enter judgment in favor of the United States for unpaid taxes and penalties plus interest and other additions which are accruing; (2) that the United States' liens against Defendant be

ORDER DENYING EMERGENCY MOTION
2

foreclosed upon the property in Seattle, (3) the property in Seattle be sold with the proceeds to be distributed to the United States and all other creditors; and (4) that the United States be awarded costs. Dkt. 26 at 7.

At this point, the Court has not adjudicated the merits of the complaint or granted the United States the relief it requests. There is nothing in the record that indicates the United States has taken steps to foreclose and sell the Seattle real property ahead of obtaining the judgment it requests the Court enter.  There is thus no factual basis to conclude the United States is selling the Seattle real property at issue, at this point, and thus no basis for the Court to grant Defendant Lafferty's emergency motion.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Lafferty's emergency motion. Dkt. 52.

DATED this  28th day of June, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER DENYING EMERGENCY MOTION
3